IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ORLENA & HOSSAIN MEHRABIAN | § § |
| vs. | § § |
| CITY OF ROUND ROCK, TEXAS | § |

A10CA 512 SS

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now come Orlena and Hossain Mehrabian, Plaintiffs herein, and file their Original Complaint as follows:

### PARTIES

1. Plaintiffs are residents of Williamson County, Texas.

2. The City of Round Rock, Texas is a duly incorporated municipality located within Williamson County, Texas.

### JURISDICTION

3. This court has jurisdiction of Plaintiffs' claims since they are premised in part on federal constitutional violations alleged pursuant to 42 U.S.C. §1983.

### STATEMENT OF FACTS

4. Sometime before 2008, the City of Round Rock, Texas elected to make improvements to a roadway formerly known as Kiphen Road, but which is currently known as E. Old Settlers Blvd. (hereinafter referred to as E. Old Settlers). The planned improvements included widening the roadway from two lanes to four lanes. Plaintiffs own 2 separate tracts of real property situated along E. Old Settlers; one is where the Plaintiffs reside at 3200 E. Old Settlers and the other is an

unimproved tract at 3434 E. Old Settlers. Prior to 2008, the Plaintiffs acquired a cement culvert for the express purpose of constructing a driveway to allow vehicle access to the unimproved tract at 3434 E. Old Settlers. In conversations with a city employee from the public works department, Plaintiff Hossain Mehrabian was advised that he should not construct the driveway as he had planned because of the scheduled road improvements; the city official explained that the culvert would be removed or demolished as part of the road expansion and that the City would construct a driveway in its place. In reliance on these representations, the Plaintiffs did not construct the driveway utilizing the culvert as they had planned.

5. At some point, the Plaintiffs understood that the City intended to include a center turn lane which would provide left turn access for properties adjacent to E. Old Settlers. Ultimately, despite objection by numerous affected property owners, the City constructed a grassy median between the four lanes which effectively blocked reasonable access to the various properties which abut E. Old Settlers. The City utilized the services of RGM for the road improvements, including construction of the driveways for the various properties adjacent to E. Old Settlers. The various properties affected by the road construction included both improved and unimproved tracts on both sides of E. Old Settlers.

6. Plaintiff Hossain Mehrabian had numerous conversations with City officials regarding construction of a driveway for the unimproved lot at 3434 E. Old Settlers. During these discussions, Mr. Mehrabian informed the City of his plans to use the property for a commercial enterprise and because of the intended use he requested that the driveway be constructed comparable in size to those utilized by commercial establishments. From his conversations with city officials, Plaintiffs understood the city would provide a residentially sized driveway but the

Plaintiffs could elect to pay the additional expense to have a larger driveway constructed.

7. According to City employees, the Plaintiffs were required to pull a permit for construction of the driveway at the unimproved lot at 3434 E. Old Settlers, however they were not required to obtain a permit for a driveway at 3200 E. Old Settlers. The Plaintiffs obtained a permit #SC-08-06-26-09 as instructed, however, upon information and belief they were the only property owners along E. Old Settlers who were required to obtain a permit for the construction of a driveway by RGM. At the time Plaintiff Hossain Mehrabian obtained the permit he understood that the City intended to construct a driveway at 3434 E. Old Settlers, and that he would pay an additional amount to have a larger driveway constructed.

8. Although the Plaintiffs understood from their dealings with City employees that a driveway would be constructed at 3434 E. Old Settlers and the Plaintiffs obtained a permit for that purpose, Plaintiff Hossain Mehrabian learned from an employee of RGM in July 2008 that the City was not going to pay to construct a driveway at 3434 E. Old Settlers. Thereafter, this fact was confirmed to Plaintiff Hossain Mehrabian by a city official, when he was told that he could pay RGM directly to construct a driveway at his own expense. At that time, the city official provided Plaintiff Hossain Mehrabian with an e-mail communication stating that the City would not be paying to construct a driveway at 3434 E. Old Settlers but that the property owner Hossain Mehrabian could contact RGM directly to have the driveway constructed at his expense.

9. Upon information and belief, the City constructed driveways at its expense for other similarly situated property owners whose property was adjacent to the planned road improvements on E. Old Settlers. As a consequence of the City's election not to construct a driveway at 3434 E. Old Settlers, the Plaintiffs' have been denied the benefit of reasonable access to the their property

and treated differently than other similarly situated property owners without any rational basis for the difference in treatment.

10.     Thereafter, on or about February 2009 the Plaintiffs and other property owners along E. Old Settlers were notified of the City's decision to annex their properties. Certain of the property owners, including the Plaintiffs, did not want to be annexed into the City of Round Rock and ultimately retained legal counsel to contest the annexation. A suit was filed challenging the City's authority to annex styled <u>Round Rock Life Connection Church, Inc., Et Al v. City of Round Rock, Texas</u> which is currently pending in the Third Court of Appeals at Austin under case number 03-09-523-CV. Orlena & Hossain Mehrabian are named plaintiffs in that suit.

11.     The City continues to treat the Plaintiffs differently than other similarly situated property owners. Recently, the City determined that the Plaintiffs' unimproved lot at 3434 E. Old Settlers was overgrown and needed to be mowed. The City then mowed the lot and made a demand for payment from the Plaintiffs, however the City did not take similar action against other similarly situated property owners in close proximity to Plaintiff's property, and allowed other property in close proximity to Plaintiff to remain overgrown including property that belongs to the City.

## CAUSES OF ACTION

12.     Plaintiffs assert that the City violated their rights to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution by treating them differently than other similarly situated property owners without any rational basis for the difference in treatment. Plaintiffs have been damaged as a consequence of the City's actions in that the Plaintiffs were deprived of a monetary benefit provided to other similarly situated property owners; construction of a driveway providing access to their property. Plaintiffs seek redress for

this violation pursuant to 42 USC §1983.

13. Plaintiffs further assert that the City violated their rights to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution by treating them differently than other similarly situated property owners when the City elected to mow Plaintiffs' property and demand payment therefore when the City did not take similar action against other similarly situated property owners. Plaintiffs' have been damaged as a consequence of the City's actions and seek redress for this violation pursuant to 42 USC §1983.

14. Plaintiffs further assert a substantive due process violation pursuant to 42 USC §1983. Specifically, Plaintiffs assert that they enjoy constitutionally protected property rights to which the Fourteenth Amendment of the United States Constitution applies, i.e. an easement of access to their real property located at 3434 E. Old Settlers. As owners of real property adjacent to an existing street in Texas, Plaintiffs have a protected right of access to their property. In failing to construct a driveway for the Plaintiffs property as it did for other similarly situated property owners, the Plaintiffs were damaged as a consequence of a diminishment in value of the property resulting from the loss of access proximately caused by the City's arbitrary decision.

15. Plaintiffs further seek compensation under Article I, §17, of the Texas Constitution for diminution in value to their real property proximately caused by the impairment of reasonable access.

16. Plaintiffs also seek a declaration under the Texas Declaratory Judgment Act that their rights to equal protection of the laws and substantive due process guaranteed by the Texas Constitution were violated as asserted above. Plaintiffs do not seek monetary damages for the state constitutional equal protection and substantive due process violations asserted.

17.     Plaintiffs anticipate the City will assert that the reason no driveway was provided to 3434 E. Old Settlers is because no driveway existed there before the road improvements. However, Plaintiffs detrimentally relied on representations of city officials that they should not construct a driveway as they had planned because it would be removed and replaced as part of the scheduled road improvements. Plaintiffs assert the City should be equitably estopped from any claim or defense predicated on the basis that it only paid to construct driveways for properties where one had previously existed.

18.     **Plaintiffs demand a jury trial**, and seek recovery of their monetary damages, costs and attorney fees as authorized by any state or federal law or statute. Plaintiffs also separately seek attorney fees as damages, and for all other relief to which they may be entitled.

Respectfully submitted this 8 day of July, 2010.

> **LAW OFFICE OF REGINA BACON CRISWELL, PLLC**
> Carriage Place
> P.O. Box 1399
> San Antonio, Texas 78023-1399
> TELEPHONE: (210) 681-7303
> FACSIMILE: (210) 680-3990
>
> _Regina B. Criswell_
> REGINA BACON CRISWELL
> TBN: 01996580
> *Attorney for Plaintiffs*